

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

19  1199

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: Sekema J. Gentles 9 W 4th St, Pottstown, PA 19464

Address of Defendant: Borough of Pottstown, et al

Place of Accident, Incident or Transaction: Pottstown, PA 19464

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 3-21-19     Sekema J. Gentles    Pro-Se
              *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A. Federal Question Cases:**
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    *(Please specify):* _____

**B. Diversity Jurisdiction Cases:**
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify):* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Sekema J. Gentles, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 3-21-19    Sekema J. Gentles    Pro-Se
              *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

Sekema J. Gentles : CIVIL ACTION
v.
Borough of Pottstown : 19 NO. 1199
et al

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (L)

3-21-19     Sekema J. Gentles     Pro-se
Date         Attorney-at-law         Attorney for

215-475-0255                         Sekemacj@yahoo.com
Telephone       FAX Number          E-Mail Address

(Civ. 660) 10/02

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a)     The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)     In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)     The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)     Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)     Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

19    1199

Sekema Gentles

*(In the space above enter the full name(s) of the plaintiff(s).)*

- against -

The Borough of Pottstown, (Daniel Weand, Rita Paez Carol Culp, Joeseph Kirkland and Ryan Proscal

**COMPLAINT**

Jury Trial: ☒ Yes ☐ No

(check one)

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**I.    Parties in this complaint:**

A.    List your name, address and telephone number. If you are presently in custody, include your identification number and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff    Name              Sekema J. Gentles
             Street Address    9 W Fourth St
             County, City      Pottstown, PA
             State & Zip Code  19464
             Telephone Number  215-475-0255

B. List all defendants. You should state the full name of the defendants, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant can be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1
Name **The Borough of Pottstown**
Street Address **100 E High St**
County, City **Pottstown, PA**
State & Zip Code **19464**

Defendant No. 2 (same)
Name **Daniel Weand, Rita Paez, Carol Culp,**
Street Address **Joeseph Kirkland, and Ryan Proscal**
County, City _____
State & Zip Code _____

Defendant No. 3
Name _____
Street Address _____
County, City _____
State & Zip Code _____

Defendant No. 4
Name _____
Street Address _____
County, City _____
State & Zip Code _____

## II. Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction. Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A. What is the basis for federal court jurisdiction? *(check all that apply)*
   (Q) Federal Questions        Q  Diversity of Citizenship

B. If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? **4th 5th and 14th Amendment of U.S Constitution**

C. If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship ___N/A___

Defendant(s) state(s) of citizenship _____

### III. Statement of Claim:

State as briefly as possible the <u>facts</u> of your case. Describe how <u>each</u> of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A. Where did the events giving rise to your claim(s) occur? **Pottstown, PA**

B. What date and approximate time did the events giving rise to your claim(s) occur? **march 25, 2017**

**What happened to you?**

C. Facts: **Pottstown PD arrested me without probable cause. Tiffany and my children saw the arrest**

**Who did what?**

**Was anyone else involved?**

**Who else saw what happened?**

Rev. 10/2009                         - 3 -

## IV. Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.    N/A

## V. Relief:

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation.

Compensatory and Punitive damages in the amount of 1,000,000. Declaretory and Injunctive relief

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 21 day of march, 2019.

Signature of Plaintiff  Sekema J. Gentles
Mailing Address  9 W. Fourth St
Pottstown, PA 19464

Telephone Number  215-475-0255
Fax Number *(if you have one)*
E-mail Address  Sekemag@yahoo.com

Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint. Prisoners must also provide their inmate numbers, present place of confinement, and address.

For Prisoners:

I declare under penalty of perjury that on this 21 day of march, 2019, I am delivering this complaint to prison authorities to be mailed to the Clerk's Office of the United States District Court for the Eastern District of Pennsylvania.

Signature of Plaintiff: Sekema J. Gentles
Inmate Number



# UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SEKEMA GENTLES,

    Plaintiff,

-v-

THE BOROUGH OF POTTSTOWN,

POTTSTOWN BOROUGH COUNCIL
(Members Daniel Weand, Rita Paez,
Carol Culp, Joseph Kirkland, and
Ryan Proscal)

All sued in official capacity.

POLICE CORPORAL JAMIE O'NEILL.

Sued in both personal and
Official Capacities;

    Defendants.

19   1199

**COMPLAINT**

**JURY TRIAL DEMANDED**

## **INTRODUCTION**

1  This is a civil rights action brought by Plaintiff, Sekema Gentles, to Seek relief for the Defendants' violation of his rights secured by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and the Rights secured by the Commonwealth of Pennsylvania's Constitution, Article I Sec(s) 1, 8, 9, 13, and common law of the Commonwealth of Pennsylvania.

Plaintiff seeks compensatory and punitive damages, injunctive and declaratory relief, and such all other relief as deemed equitable and just.

2   Plaintiff a citizen of Pennsylvania and resident of Pottstown seeks to vindicate his right to be free of unlawful arrest, seizure and Detention.

## JURISDICTION

3   Jurisdiction is conferred upon this Court by 28 U.S.C. sec(s) 1331, 1343(3) and (4) and 42 U.S.C. 1983, as this action seeks redress for the violation of Plaintiff's constitutional and civil rights.

4   Plaintiff's claims for declaratory/injunctive relief are authorized by 28 U.S.C. sec(s) 2201, 2202 and Rule 57 of Federal Rules of Civil Procedure.

5   Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. sec 1367(a), over any and all state constitutional and state law claims that are so related to the claims within the original jurisdiction of this Court that they form part of the same controversy.

## VENUE

6   Venue is proper in the United States District Court for the Eastern District of Pennsylvania, pursuant to 28 U.S.C. sec 1391 (b) and (c), because the locus of the violation is within the United States judicial district in Montgomery County, in the Eastern District.

-2-

## **DEMAND FOR JURY TRIAL**

7   Plaintiff demands jury trial on the claims raised in this complaint.

## **PARTIES**

8   Plaintiff Sekema Gentles is and was at all times relevant hereto, a citizen of the United States residing at 9 W. 4th Street, Pottstown, PA 19464 which is within this judicial district and the Commonwealth of Pennsylvania.

9   Defendant Borough of Pottstown is authorized under laws of the Commonwealth of Pennsylvania to maintain a Police Department, Borough of Pottstown Police Department ("BPPD") which acts as its law enforcement agency and for which it is ultimately responsible.

10  Defendant Pottstown Borough Council consisting of Danial Weand, Carol Culp, Rita Paez, Joseph Kirkland and Ryan Proscal, are Administrators and as such are policy makers responsible for deciding what the police enforcement policies are and how they will be implemented. Defendants are also responsible for correction of all errant de facto policies, customs and practices; that violate constitutional, statutory, civil and common law rights of Pottstown citizens.  Its primary office of business is located at 100 E. High Street Pottstown, PA 19464.

-3-

11  At all relevant times, The Borough Council of Pottstown and its BPPD hired, employed, supervised and controlled the Defendant, arresting and prosecuting Officer Jamie O'Neil from the Borough of Pottstown "BPPD".

12  Defendant Jamie O'Neil, is and was at all relevant times herein, an officer, employee and/or agent of the "BPPD", duly employed and acting as a police officer in the "BPPD"; enforcing customs and practices using racial biases, in place of reasonable suspicion and probable cause, for arresting young men of color. Defendant Jamie O'Neil works out of the Borough of Pottstown Police Department at 100 E. High Street, Pottstown, PA 19464. He is sued in his individual and official capacity.

## STATEMENT OF FACTS

13  March 25, 2017, Plaintiff was informed there was a Protection From Abuse order in place and Defendant Jamie O'Neill wanted to speak with him.

14  Plaintiff went to the Pottstown Police Department to meet with Defendant Jamie O'Neill, who confronted him with three text messages from phone 205-240-4521, which Defendant O'Neill had established prior to the arrest, was an internet number with no probable connection to Plaintiff.

15   On March 26, 2017, Plaintiff, was arrested by Defendant Jamie O'Neill, for Indirect Criminal Contempt, for violating a temporary court order, i.e., Protection From Abuse (PFA) issued March 20, 2017.

16   Plaintiff informed Defendant O'Neill the arrest would cause irreparable harm to his business due to loss of contracts, be very hard on him and his family emotionally at this time, especially in view of the complete lack of any reasonable basis to believe he was the author of the texts. Defendant O'Neill arrested him in spite of there being no nexus to the texts.

17   Defendant O'Neill had in his possession an affidavit of probable cause that he did not present to a neutral authority, and without being witness to a crime, he performed an on sight arrest.

18   On April 4, 2017, the temporary PFA was lifted because the facts asserted in the sworn affidavit of probable cause (assault and threats); but unissued for want of a detached and neutral determination by a judge or magistrate, were contradicted by Complainant Shekema Gentles' sworn testimony at the court hearing.

18   On April 4, 2017, when "the matter being called for indirect

-5-

Criminal Contempt hearing for violating Temporary Protection from Abuse #2017-05497 . . ." was called for court, the Commonwealth withdrew the charges and the court "**DISMISSED**" all charges.

19   Plaintiff has suffered loss of liberty, bouts of claustrophobia and depression, spatial disorientation, anxiety, anger, loneliness, alienation, mental anguish, fear, anger, deprivation, loss of wages, diminishing mental and physical health.

20   The arrest without probable cause, was an intentional infliction of emotional distress.

21   Plaintiff asserts based on anecdotal information and belief the "BPPD' on enough occasions to establish a pattern, practice or custom have stopped, detained and arrested men of color without reasonable suspicion or probable cause.  (Plaintiff has twice been arrested without probable cause)

22   Defendants Pottstown Borough Council has failed to correct the de facto policy, practice or custom of playing hunches and arresting men of color without reasonable suspicion or probable cause after Notice thereof, by citizen complaint and civil suit.

## CAUSES OF ACTION

23   Plaintiff Sekema Gentles incorporates paragraphs 1 through 22 as though fully restated for each cause of action.

### FOURTH AMENDMENT VIOLATION

24   At all relevant times herein, Defendant Pottstown Borough Council its Defendant Administrators, acting through its "'BPPD'" decided, developed, approved, acquiesced, enforced, encouraged and sanctioned de facto policies practices, and/or customs exhibiting malice and indifference to plaintiff's Fourth Amendment right under the United States Constitution, not to be stopped, detained, seized and arrested without and probable cause.

### FOURTH AMENDMENT VIOLATION II

25   Defendant Jamie McNeil acting under color of state law and sanctioned and or acquiesced, de facto practices; stopped, detained, seized and arrested Plaintiff without Probable Cause.

### MONELL CLAIM

26   At all relevant times herein, Defendant Borough of Pottstown and its Defendant Administrators, acting through its "'BPPD'", acquiesced,

approved, implemented, enforced, encouraged and sanctioned de facto policies, practices, and/or customs exhibiting malice and indifference to plaintiff's constitutional, statutory, civil and common law rights not to be stopped, detained, seized and arrested without probable cause.

27   The constitutional, statutory, civil and common law violations by the Defendants through the actions of its police department and Police Officer Defendant Jamie O'Neil, were and/are directly and proximately caused by policies, practices and/or customs developed, approved, acquiesced, enforced, encouraged and sanctioned by Defendant Borough Council of Pottstown, including the failure:  a) to adequately supervise and correct its officers and agents, thereby preventing the use of police hunches to stop, detain and arrest men of color, in the absence of probable cause.

## Malicious Prosecution

28   By the conduct as described herein Defendant O'Neill is liable to Plaintiff for having committed malicious prosecution under the common laws of the Commonwealth of Pennsylvania.

29   Defendant O'Neill arrested and with malice commenced civil

and criminal proceedings against Plaintiff without lawful purpose/authority.

30  All charges terminated in Plaintiffs' favor.

31  Defendant O'Neill was responsible for the malicious prosecution of the Plaintiff.

### Intentional Infliction of Emotional Distress

32  Plaintiff repeats and re-alleges by reference paragraphs 1 thru 22 as if fully set forth herein.

33  Defendants, intentionally and with malice inflicted emotional distress upon the Plaintiff imprisoning him without probable cause.

34  Plaintiff has no plain or adequate remedy at law; he and similarly situated citizens of Pottstown will continue to suffer Fourth Amendment violations, i.e., arrest in the absence of probable cause, unless Defendants are enjoined from continuing unlawful practices. Plaintiff seeks Declaratory and Injunctive Relief, compensatory and punitive damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following Relief:

    a  A declaration that Defendants' conduct violated the Fourth,

Fifth and Fourteenth Amendments to the United States Constitution and Plaintiff's rights under the Pennsylvania State Constitution and state common law in the manners alleged herein, upon consideration of the evidence adduced at trial or otherwise.

b    An injunction requiring Defendants to develop proper police arrest policies to ensure arrests based upon 'hunches' have ended and no persons shall be arrested without probable cause.

c    Award Plaintiff compensatory damages against Defendants, including, but not limited to any emotional distress, medical and psychiatric treatments, costs related to criminal defenses, loss of wages, and any other compensatory damages permitted by law, according to proof at trial;

d    Award Plaintiff punitive damages;

e    Award attorney's fees pursuant to 42 U.S.C. 1988;

f    Award costs of suit pursuant to 42 U.S.C. 1920 and 1988; and

g    Award such other and further relief deemed appropriate and equitable, by this Court, required in the interests of justice.

Respectfully Submitted

*Sekema Gentles*

Sekema Gentles, Pro se

## VERIFICATION

I Sekema Gentles, the Plaintiff in this civil rights matter, verify that the facts set forth in the foregoing are true and correct to best of my information, knowledge and belief.

I declare these facts under penalty of perjury, under the laws of the United States of America See 28 U.S.C. 1746 and 18 U.S.C. 1621.

*Sekema J. Gentles*
Sekema Gentles, Pro Se

20 March 2019

-11-