IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SEKEMA GENTLES, *Plaintiff*, | : : : | |
| v. | : : | CIVIL ACTION NO. 19-1199 |
| THE BOROUGH OF POTTSTOWN, et al., *Defendants*. | : : : | |

MEMORANDUM

**JONES, II   J.**                                                            **March 3, 2021**

**I.   INTRODUCTION**

Pro se Plaintiff Sekema Gentles ("Plaintiff") brought suit against the Borough of Pottstown and the Pottstown Borough Council ("Defendants"), alleging malicious prosecution, intentional infliction of emotional distress, a *Monell* claim, and violations of the Fourth Amendment when he was wrongfully arrested without probable cause.  Compl., ECF No. 16, ¶¶ 28-39.  When Plaintiff failed to respond to Defendants' Motion to Dismiss (ECF No. 17) and this Court's Show Cause Order (ECF No. 18), the Court dismissed all of Plaintiff's claims (ECF No. 20).  Though Plaintiff later filed for Leave to File a Motion for Reconsideration (ECF No. 21) and an Appeal (ECF No. 22), both of these were denied (ECF Nos. 31, 32).  Plaintiff has filed the present Motion to Reopen [hereinafter Motion] (ECF No. 36) asking this Court to reopen the allotted time for him to file an appeal when he had not received notice of this Court's prior denials while undergoing a contentious divorce and child custody dispute.  For the reasons stated herein, Plaintiff's Motion is granted, and he shall have an additional fourteen (14) days from the date of this Court's order to refile an appeal.

**II.   FACTUAL BACKGROUND**

On March 25, 2017, Plaintiff was informed that there was a Protection from Abuse Order in place and that an Officer from the Pottstown Police Department wanted to meet and speak with him.  Compl. ¶ 16.  Plaintiff went to the Police Department and was confronted with three text

messages from phone number 205-240-4521.  Compl. ¶ 17.  Plaintiff told Defendants he never sent these text messages and did not use or own this telephone number.  Compl. ¶ 18.  Disbelieving Plaintiff, Defendants arrested Plaintiff on March 26, 2017 for Indirect Criminal Contempt and violating a Protection from Abuse Order.  Compl. ¶ 19.  On April 4, 2017, the Commonwealth withdrew and dismissed all charges against Plaintiff without explanation.  Compl. ¶ 23.

Even with the dismissal of these charges, Plaintiff claims he has suffered irreparable harm, including: loss of liberty, claustrophobia, depression, spatial disorientation, anxiety, anger, loneliness, alienation, mental anguish, fear, loss of wages, diminishing physical and mental health, and emotional distress.  Compl. ¶¶ 24-25.  Based upon at least his own experiences, Plaintiff brings the present suit claiming Defendants have a practice of stopping, detaining, and arresting men of color without probable cause or reasonable suspicion.  Compl. ¶ 26.

### III.  PROCEDURAL HISTORY

On February 21, 2019, pro se Plaintiff filed this civil rights lawsuit against Defendants.  ECF No. 1.  On June 3, 2019, Defendants submitted a Motion to Dismiss for Failure to State a Claim (ECF No. 6), and the Court granted this Motion on November 19, 2019 (ECF No. 15).  In response to this Order, Plaintiff filed an Amended Complaint on December 18, 2019.  ECF No. 16. On January 2, 2019, Defendants responded with another Motion to Dismiss for Failure to State a Claim.  ECF No. 17.  Plaintiff filed no response to Defendants' Motion, and on June 8, 2019, this Court put out a Show Cause Order against Plaintiff.  ECF No. 18.  When Plaintiff did not respond, this Court dismissed all claims against Defendants on July 23, 2020.  ECF No. 20.

On August 18, 2020, Plaintiff filed a Motion for Leave to File a Motion for Reconsideration of this Court's dismissal (ECF No. 21).  Plaintiff also filed a Notice of Appeal on August 21, 2020 (ECF No. 22).  On September 3, 2020, the Third Circuit Court of Appeals stayed disposition on Plaintiff's Motion for Reconsideration but clearly noted that this stay did not apply to Plaintiff's

obligation to pay the filing and docketing fees. ECF No. 26. When Plaintiff never paid these fees, the Third Circuit dismissed Plaintiff's Notice of Appeal on October 1, 2020 based upon a failure to timely prosecute. ECF No. 31. On October 16, 2021, this Court denied Plaintiff's Motion for Leave to File a Motion for Reconsideration. ECF No. 32. Over one month later, on November 25, 2020, Plaintiff filed a Notice of Change of Address. ECF No. 35. Nearly one month after notifying the Court of his change of address, Plaintiff filed the present Motion to Reopen and to Direct the Clerk to Accept the Filing of his Notice of Appeal. ECF No. 36. Defendants submitted a Response in Opposition on January 15, 2021. Accordingly, Plaintiff's Motion is ripe for this Court's review.

IV.   **STANDARD OF REVIEW**

Fed. R. App. P. 4(a)(1)(A) states, "In a civil case…the notice of appeal…must be filed with the district clerk within 30 days after the entry of the judgement or order appealed from." However, a district court may reopen the time to file an appeal for fourteen (14) days after the date the order to reopen is entered if three (3) conditions are satisfied: (1) the moving party did not receive notice of the entry of judgment or order sought to be appealed within 21 days after entry; (2) the motion is filed within 180 days after the judgment is entered or within 14 days after the moving party receives notice of entry, whichever is sooner; and (3) the court finds that no party would be prejudiced. Fed. R. App. P. 4(a)(6).

V.   **DISCUSSION**

In his Motion, Plaintiff raises two (2) main arguments to support reopening his case: (1) Plaintiff never paid the requisite filing fee because he was waiting on this Court's disposition for his Motion for Leave to File a Motion for Reconsideration (ECF No. 21), and (2) he did not become aware of the denials of his Motion for Leave and Appeal until December 8, 2020 because he was

undergoing a turbulent ninety (90) days with a contentious divorce and was, therefore, delayed in notifying the Court of his change of address. Mot. 1-2. Defendants respond not only is Plaintiff's Motion to Reopen time-barred under Federal Rule of Appellate Procedure 4(a)(6), but, alternatively, Plaintiff also has not established excusable neglect for failing to notify the Court of his change of address. Response in Opposition 3-4. Having reviewed all the pleadings in this case, the Court finds Plaintiff has met the three requirements for a Motion to Reopen in light of Federal Rule of Appellate Procedure 4(a)(6). Accordingly, Plaintiff will have fourteen (14) days from the date of this Order to file an Appeal with the Appellate Court.

First, Plaintiff claims he did not receive notice of denial for either his Appeal and Motion for Leave to File a Motion for Reconsideration until December 8, 2020. Assuming the validity of Plaintiff's assertion, this was well after the twenty-one (21) day period required by the first factor of Fed. R. App. P. 4(a)(6) because those denials were made on October 1, 2020 and October 16, 2020, respectively. Though Defendants correctly assert that Plaintiff had not received this notice, at least in part, due to his own failure of notifying this Court of his change of address, the Third Circuit has historically viewed Appellate Rule 4(a)(6) as an appellant-friendly rule. *See Baker v. U.S.*, 670 F.3d 448, n. 19 (3d Cir. 2012) ("In the mine run of cases...Appellate Rule 4(a)(6) will be available to allow reopening the time to file an appeal...when a litigant—whether pro se or not—has not received notice of the appealable order in a timely fashion. Indeed [this Rule] should be available regardless of whether the delay is attributable to clerk's office error or prison official error, because, in the normal case, notice will be received, even if somewhat delayed, less than 180 days after the entry of the order sought to be appealed.").

Even with Plaintiff's fault in the matter, the Third Circuit has routinely interpreted Fed. App. R. 4(a)(6) to mean the date Plaintiff received notice of the entry of dismissal. *See Baxuaye*

*v. Chertoff*, 230 Fed. Appx. 136, 137 (3d Cir. 2007) ("Assuming that neither [plaintiff] nor his attorney received notice of the 'entry' of the judgment, it is possible that [plaintiff] technically met the requirements for filing a Rule 4(a)(6) motion."); *Moody v. Conroy*, No. 10-2525, 2018 WL 2461983 (E.D. Pa. June 1, 2018) (Allowing plaintiff an additional fourteen days to file an appeal when it is likely he never received notice of previous orders dismissing the case).  The Court finds it likely that, in light of contentious divorce and child-custody battle, pro se Plaintiff would not have immediately received notice of this Court's prior orders, and it would not be an unreasonable result for this Court to consider December 8, 2020 as the date he received notice of the denial orders.  Accordingly, the Court finds Plaintiff has met the first factor of Fed. R. App. P. 4(a)(6).

Having determined this, the Court further holds that Plaintiff also has established the second requirement because he filed the present Motion within fourteen (14) days of receiving notice of the denials for his Appeal and Motion for Reconsideration.[1]  Finally, after considering all the pleadings in this case and the validity of Defendants' defenses, the Court finds that neither party would be prejudiced should the Court grant the present Motion because it will just provide pro se Plaintiff the opportunity to file another Notice of Appeal.

## VI.   CONCLUSION

For the foregoing reasons, Plaintiff's to Reopen is granted, and he shall have an additional fourteen (14) days from the date of this Order to file an appeal.  An appropriate Order follows.

BY THE COURT:

*/s/ C. Darnell Jones, II*
C. DARNELL JONES, II    J.

---

[1] Plaintiff filed the present Motion on December 21, 2020 and received notice of the denials on December 8, 2020.